IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALLEN & COMPANY, LLC, ) | |
| ) | |
| Plaintiff, ) | No. 08-CV-4596 |
| v. ) | |
| ) | Judge Robert W. Gettleman |
| SANFORD USD MEDICAL CENTER ) | |
| formerly known as SIOUX VALLEY ) | |
| HOSPITAL and USD MEDICAL CENTER, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Allen & Company, LLC, brought the underlying action as a two-count complaint in the Circuit Court of the Eighteenth Judicial Circuit, DuPage County, Illinois. Defendant Sanford Medical Center removed the action to this court pursuant to 28 U.S.C. § 1441(b) and now moves for abstention under the *Colorado River* doctrine. Plaintiff has not responded to defendant's motion, but instead has moved to remand to the state court for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c). For the reasons discussed herein, plaintiff's motion to remand is denied and defendant's motion to stay is granted.

## **FACTS**

On August 30, 2004, defendant Sanford Medical Center, located in Sioux Falls, Minnehaha County, South Dakota, entered into a 60- month license agreement (the "Agreement") with Biosafe Medical Technologies, Inc. ("BioSafe"). Under the terms of the Agreement, Biosafe licensed various cholesterol testing technologies to defendant and defendant agreed to pay a monthly fee of $1,250 for the first year and $6,250 per month for the remainder of the term. In addition, under Addendum 1 of the Agreement, Biosafe guaranteed defendant

that defendant would receive $22,500 in gross revenues from the cholesterol determinations in the first year and $27,000 in gross revenues for each calendar quarter beginning September 1, 2005, or Biosafe would pay defendant the shortfall of these revenues.

With defendant's knowledge, Biosafe assigned the right to the monthly fees due under the Agreement from defendant to First Commercial Capital Corp. ("First Commercial"). Thereafter, First Commercial assigned its right to the monthly payments to plaintiff.[1]

Defendant made the required monthly payments through January 31, 2008, but allegedly still owes plaintiff $111,641.99. Defendant discontinued payments because BioSafe allegedly failed to refer cholesterol determinations to defendant and did not pay defendant the guaranteed quarterly revenues totaling $259,938.99.

On February 22, 2008, defendant filed a complaint in the Circuit Court of the Second Judicial Circuit, Minnehaha County, South Dakota, alleging claims for breach of contract (Count I) and declaratory judgment against BioSafe, Delphi, and First Commercial (Count II). Defendant amended its complaint substituting plaintiff for Delphi and First Commercial and adding a new claim against BioSafe and plaintiff for civil conspiracy and unjust enrichment (Count III).

On July 11, 2008, plaintiff filed the instant complaint in the Circuit Court of the Eighteenth Judicial Circuit, Chancery Division, DuPage County, Illinois, alleging claims for declaratory judgment (Count I) and breach of contract (Count II). Defendant removed the instant action pursuant to 28 U.S.C. § 1441(b), from the state court. Plaintiff has moved to

---

[1] Defendant has reserved the right to dispute the validity of the assignment of the Agreement from BioSafe to plaintiff.

remand, pursuant to 28 U.S.C. §§ 1441, 1446, and § 1447(c), for lack of jurisdiction, and defendant has moved to stay the action.

## DISCUSSION

**Motion to Remand**

Removal of a state claim to federal court is proper only when the claim could have been filed in a federal court with original subject matter jurisdiction. Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987) (citing 28 U.S.C. § 1441(a)). Absent jurisdiction, the case must be remanded to the state court. 28 U.S.C. § 1447(c).

Federal district courts have original subject matter jurisdiction when there is complete diversity of citizenship and the amount in controversy exceeds $ 75,000, or when the claim raises a federal question. Chirico v. Ceramic Tile Layers Union, Local 67, 13 F.Supp.2d 798, 799 (N.D.Ill. 1998) (citing 28 U.S.C. §§ 1331-1332). Here, the parties agree that diversity of citizenship is satisfied because plaintiff is based in Illinois, defendant is located in South Dakota, and the amount in controversy is $111,641.99. Further, there is no dispute that defendant's notice of removal was timely filed. 28 U.S.C. § 1332(a). The parties also do not dispute that the forum selection clause is valid and enforceable. [2]

Plaintiff bases its motion to remand on paragraph 16 of the Agreement, which provides:

> LESSEE WAIVES TRIAL BY JURY AND SUBMITS TO THE
> JURISDICTION OF THE FEDERAL COURTS OF COMPETENT
> JURISDICTION OR ANY STATE COURT WITHIN THE STATE OF
> ILLINOIS AND WAIVES ANY RIGHT TO ASSERT THAT ANY ACTION

---

[2] Both the Seventh Circuit and Illinois state courts follow the basic premise articulated in M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10, 12, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972), that contractual forum selection clauses are prima facie valid and should be enforced absent some compelling reason to the contrary.

INSTITUTED BY LESSOR IN ANY SUCH COURT IS IN THE IMPROPER VENUE OR SHOULD BE TRANSFERRED TO A MORE CONVENIENT FORUM.

Plaintiff claims that paragraph 16 waived defendant's right to object to venue in the Circuit Court of DuPage County or to assert that venue should be transferred. Plaintiff argues that this court lacks subject matter jurisdiction over the instant case because the forum selection clause is mandatory. Defendant counters that under its plain language paragraph 16 is permissive, not mandatory and that defendant did not clearly and unequivocally waive its right to remove plaintiff's action to this court.

The Seventh Circuit has held, "[W]here venue is specified with mandatory or obligatory language, the clause will be enforced; where only jurisdiction is specified the clause will generally not be enforced unless there is some further language indicating the parties' intent to make venue exclusive." Muzumdar v. Wellness Int'l Network, Ltd., 438 F.3d 759, 762 (7th Cir. 2006); Paper Express, Ltd. v. Pfankuch Maschinen, 972 F.2d 753, 757 (7th Cir. 1992). The clause at issue does not contain mandatory or obligatory language as to either venue or jurisdiction. For example, there is no language that "all disputes *shall be* resolved" in a specific venue, or that "venue is proper *only* in" a specified court. See Paper Express, Ltd. v. Pfankuch Maschinen, 972 F.2d 753, 756 (7th Cir. 1992) (discussing the use of the mandatory nature of the phrase "shall be" coupled with the phrase "all disputes" in forum selection clauses). Instead, paragraph 16 states that the lessee submits to the jurisdiction of any federal or state court within Illinois.

Although the plaintiff argues that the word "submits" is sufficient to make the clause mandatory, this is at odds with the predominate view in this district. Aramark Mgmt. Servs. L.P

4

v. Martha's Vineyard Hosp., Inc., 2003 WL 21476091, at *3 (N.D.Ill. June 23, 2003) (forum selection clause stating "[t]he parties agree to submit to the jurisdiction of the courts within the State of Illinois" was permissive); see also Beissbarth USA, Inc. v. KW Products, Inc., 2005 WL 38741 (N.D.Ill. Jan. 6, 2005) (clause providing "[e]ach of the parties hereto irrevocably submits to the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division, or the State Court in Cook County for any action, suit or proceeding arising out of or in connection with the transactions contemplated by the Agreement" was permissive, and therefore did not prevent transfer to federal district court in Iowa).

The Seventh Circuit has held, "the right to file suit in a particular forum is not equivalent to the right to avoid removal from that forum." Cruthis v. Metro. Life Ins. Co., 356 F.3d 816, 819 (7th Cir. 2004). Here, paragraph 16 provides that defendant waives the right to assert that any action brought by plaintiff was in "the improper venue or should be transferred to a more convenient forum." Defendant is not asserting either improper venue or inconvenient forum by removing the instant case to this court. Instead, defendant removed the case to a court that the contract expressly recognizes as appropriate. Further, the contract expressly provides that the federal courts are proper venue, and nothing in paragraph 16 constitutes a waiver of the right to remove. Plaintiff's motion to remand is denied.

**Motion for Abstention**

Defendant has filed a motion to stay the instant suit in favor of the South Dakota action under the abstention doctrine set forth in Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). Plaintiff failed to respond to

5

defendant's motion to stay, and therefore, essentially conceded that, (1) the instant case and the South Dakota case are parallel, and (2) that the nine applicable *Colorado River* factors weigh in favor of staying this action.

"Federal courts have a 'virtually unflagging obligation' to exercise the jurisdiction conferred on them by Congress." AAR Int'l, Inc. v. Nimelias Enterprises S.A., 250 F.3d 510, 517 (7th Cir. 2001) (quoting Colorado River, 424 U.S. at 817). Because courts are concerned with "conservation of judicial resources," however, this court may, under "limited" and "exceptional" circumstances, stay or dismiss[3] an action when there is an ongoing parallel action in state court. Id. at 818; LaDuke v. Burlington Northern R. Co., 879 F.2d 1556, 1558 (7th Cir. 1989).

"A federal court cannot lightly abjure its responsibility to assert jurisdiction." Lumen Const., Inc. v. Brant Const. Co. Inc., 780 F.2d 691, 694 (7th Cir. 1985). Thus, "if there is any substantial doubt that the parallel litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties, it would be a serious abuse of discretion for the district court to stay or dismiss a case in deference to the parallel litigation. AAR Int'l, 250 F.3d at 518 (internal citations omitted).

To determine whether *Colorado River* abstention is appropriate, the court must first address whether the state and federal actions are parallel. Id. If the actions are parallel, the court

---

[3]A stay, rather than a dismissal, is the appropriate procedure because a stay keeps the federal forum available if the state court action does not result in a final judgment. J&A Sales and Marketing, Inc. v. J.R. Wood, Inc., 2002 WL 653897, *2 (N.D. Ill. Apr. 19, 2002) (citing Rosser v. Chrysler Corp., 864 F.2d 1299, 1308 (7th Cir. 1988).

then considers the factors articulated in *Colorado River* and its progeny to determine whether exceptional circumstances exist to warrant abstention.  Id.

Actions are parallel if "substantially the same parties are litigating substantially the same issues in two fora."  Id.  A court does not ask whether the suits are "formally symmetrical" or identical, but rather if there is "a substantial likelihood that the foreign litigation 'will dispose of all claims presented in the federal case.'"  Id. (quoting Day v. Union Mines, Inc., 862 F.2d 652, 656 (7th Cir. 1988).

Here, the parties and issues are substantially the same in both the South Dakota suit and the instant action.  Both actions involve the same series of transactions and operative facts.  Additionally, at the center of both the state and federal cases is the issue of whether defendant has an obligation to continue to make payments under the terms of the Agreement.  The main differences in the actions are that BioSafe is named as a defendant in the South Dakota action, along with plaintiff in the instant case, and that action includes a civil conspiracy and unjust enrichment claim.  The court therefore concludes that the South Dakota suit and the instant suit are parallel.

The court must analyze the following factors to determine whether "exceptional circumstances" exist to justify deference to the state court under Colorado River: (1) whether the state has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent fora; (5) the source of governing law; (6) the adequacy of state court action to protect the federal plaintiff's rights; (7) the relative progress of state and federal proceedings; (8) the presence or absence of concurrent jurisdiction; (9) the availability of removal; and (10) the

7

vexatious or contrived nature of the federal claim. Lumen, 780 F.2d at 694-95. No single factor is determinative. See Colorado River, 424 U.S. at 818.

The court finds that the majority of the ten traditional factors set out in *Lumen* weigh in favor of abstention. The first factor is inapplicable, since no property is at issue in the South Dakota suit. The second factor, inconvenience of the federal forum, is neutral because both parties will likely be equally inconvenienced if they must litigate out-of-state. The third factor, the desire to avoid piecemeal litigation, weighs in favor of abstention. The South Dakota state suit and the instant case overlap and involve almost identical issues. A complete resolution of the South Dakota state action will almost certainly dispose of all of the claims before this court. Accordingly, this factor favors abstention. The fourth factor, the order in which jurisdiction was obtained, weighs in favor of abstention. The South Dakota state action was filed five months before the instant case.

The fifth factor, the source of governing law, is neutral. Both suits raise only state law claims. The South Dakota state court will apply South Dakota law, whereas this court would conduct a choice of law analysis to determine the appropriate governing law of each count. Defendant argues that because the Agreement was negotiated and entered into in South Dakota, South Dakota law should apply. If plaintiffs had responded to the motion to stay, they might have argued that Illinois law should govern because paragraph 16 specifies Illinois state as the jurisdiction of choice. Nonetheless, this court has concluded that paragraph 16 is permissive, rather than mandatory, and the contract contains no choice of law clause. Thus, factor five favors abstention.

8

The sixth factor, adequacy of state-court action to protect the federal plaintiff's rights, weighs in favor of staying the instant action. Because plaintiff filed its claim in state court and moved to remand to state court, this court assumes that plaintiff is satisfied that a state court can adequately protect its rights. Further, as described more fully above, the South Dakota state action and the instant action are sufficiently parallel to "justify the conclusion that the 'state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties.'" Lumen, 780 F.2d at 696 (quoting Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 28 (1983)). Thus, the sixth factor weighs in favor of abstention.

The seventh factor weighs heavily in favor of abstention because the South Dakota state court action is considerably further advanced than the instant action. The South Dakota state court action was filed five months earlier, and written discovery has been served on the state court defendants. Most significantly, the South Dakota state court has already held a hearing on the action, granted summary judgment against defendant BioSafe, and granted leave to amend the complaint to state claims against plaintiff in the instant action. In contrast, the only proceedings to date in this court are the instant motions to stay and to remand. If the federal action were to proceed, the time and resources expended at the state level would likely need to be repeated. Thus, the seventh factor also weighs in favor of abstention.

The eighth factor, presence or absence of concurrent jurisdiction, was resolved in the discussion of the motion to remand above: the South Dakota state court and this court have concurrent jurisdiction. Thus, factor eight weighs in favor of staying the instant action. The ninth factor, availability of removal, weighs in favor of abstention because the South Dakota

state action could have been removed to federal court under diversity jurisdiction. Lastly, the tenth factor, vexatious or contrived nature of the federal claim, weighs against abstention. Both claims arise from the desire to settle obligations arising from the contract and it was legitimate for plaintiffs to file the instant action in Illinois state court. The court is unwilling to find that plaintiff's claim is either vexatious or contrived.

Therefore, the factors set out in *Lumen* weigh in favor of abstention in the instant case. Coupled with the fact that the instant suit is parallel with the South Dakota state court action, this is sufficient to show that are exceptional circumstances exist to warrant abstention. Therefore, defendant's motion to stay is granted.

## CONCLUSION

For the reasons discussed above, the court denies plaintiff's motion to remand and grants defendant's motion to stay under *Colorado River*. This case is set for a status report on December 10, 2009 at 9:00 a.m. to advise the court of the status of the South Dakota litigation.

**ENTER:** **December 18, 2008**

_____
**Robert W. Gettleman**
**United States District Judge**